### GEORGE W. WHITE v. KATE M. WHITE.

HOMESTEAD —*Partition—Advancement to Child.* Where a person dies intestate, leaving a widow and three children, two of whom are minors, and leaves a homestead occupied by his widow and the minor children, and leaves no other property; and the minor children become of age, and the oldest child then brings an action for partition of such homestead, and it is shown in the action that the intestate while living advanced to the plaintiff an amount much greater in value than his share in the estate, and that the widow has purchased the entire interest of the other two children in the property, and the court renders judgment against the plaintiff for costs, *held*, not error.

*Error from Douglas District Court.*

ACTION for the partition of certain real estate. Trial by the court, at the February term, 1887, and judgment against plaintiff *George W. White* for costs. He brings the case here. The opinion states the facts.

*B. J. Horton,* for plaintiff in error.

*S. O. Thacher,* and *W. J. Patterson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Douglas county on July 29, 1886, by George W. White against Kate M. White and Susan E. Spencer, for the partition of certain real estate, less than one acre, situated in the city of Lawrence, in said county. The plaintiff claimed an undivided one-sixth interest in such real estate. The case was tried before the court without a jury, and the court made special findings of fact, and rendered judgment against the plaintiff for costs; and the plaintiff, as plaintiff in error, brings the case to this court. The property belonged originally to Thomas H. White, who died intestate on April 11, 1872. The plaintiff in this action was and is his oldest child, and the son of the deceased's first wife. The defendant Kate M. White was the fourth wife of the deceased, and was married to him in 1868. The defendant Susan E. Spencer disclaimed

having any interest in the property in controversy, and it will therefore not be necessary to mention her name again. The deceased left two other children, to wit: Mary E. White, the daughter of his second wife, and William H. White, the son of his third wife. These two children were minors at the time of his death, but they became of age before this action was commenced. Since arriving at their majority they conveyed their interests in the property in question by quit-claim deeds to Kate M. White. The property in question was the only property left by the deceased not necessary to pay his debts and to pay the expenses of his administration, and it was and is worth about $5,000. From August, 1865, up to September, 1867, the deceased advanced to the plaintiff the sum of $2,659.50, which was intended and understood at the time to be an advancement out of the deceased's estate. After the death of the deceased, the defendant, Kate M. White, paid the taxes on the property in controversy amounting to about $800, made improvements thereon amounting to about $927, and kept up the necessary and ordinary repairs amounting to about $325. The property in controversy was the homestead of the deceased and his family at the time of his death, and has since continued to be the homestead of his widow up to the present time. The plaintiff never resided upon the property. Some of the above-mentioned facts are controverted by the plaintiff, and he further claims that even if they are all true, still the court below committed error in rendering the judgment which it did render. The plaintiff's counsel makes the following points in this court, to wit: First, that under the statutes of this state concerning the division or partition of the homestead, an advancement to an heir cannot be set up or shown. Second, that the widow of the deceased cannot in any event derive any benefit from an advancement made to an heir. Third, that in this case no advancement has been shown.

The counsel for the plaintiff makes a very ingenious argument with respect to his first and second points, but still

we cannot agree with him. Sections 26 and 27 of the act relating to descents and distributions read as follows:

"SEC. 26. Property given by an intestate, by way of advancement to an heir, shall be considered part of the estate, so far as regards the division and distribution thereof, and shall be taken by such heir toward his part of the estate at what it would now be worth, if in the condition in which it was so given him.

"SEC. 27. But if such advancement exceeds the amount to which he would be entitled, he cannot be required to refund any portion thereof."

Section 26, above quoted, is general in its terms with respect to the division and distribution of the intestate's estate, and we think it is equally general in its scope and operation. It is intended to have application to all divisions and distributions of the intestate's estate among all persons who are authorized to take from him under the statutes. It is intended to have application to all divisions and distributions made under §§ 5 and 6 of the statute, as well as under §§ 8 and 18 to 25, and under all the other sections of the statute, and will modify and control their operation accordingly; and it will certainly apply to widows as well as to all other persons who may take distributive shares from the intestate under the statutes; and under the statutes and in cases like the present, the widow's share is one-half of the estate, and the children take the other half in equal shares. In the present case, and aside from the advancement where the estate is worth $5,000, and where there is a surviving widow, and where there are three surviving children, the widow's share will be in value equal to $2,500, and each child's share will be in value equal to eight hundred and thirty-three dollars and thirty-three and one-third cents; but as the plaintiff in this case has already received much more than his distributive share, the share that would otherwise go to him must be divided among the others according to their respective interests in the estate; and as the widow's share is equal to three times any one of the children's shares, she should receive three-fifths of the plaintiff's share, or an amount equal to $500, and each of the children, other

than the plaintiff, should receive one-fifth of the plaintiff's share, or an amount equal to one hundred and sixty-six dollars and sixty-six and two-thirds cents; or, in other words, the widow should receive from the estate an amount equal in the aggregate to $3,000, and each one of the children except the plaintiff should receive an amount equal in the aggregate to $1,000. Counting $1,000 for the plaintiff's share would make the estate, for the purpose of division and distribution, worth $6,000 in value. The plaintiff has already received more than $1,000, and more than his full share of the estate, by way of advancement. But the widow in this present case owns the entire interest of the two children other than the plaintiff, and hence she should also receive their share of the estate; or, in other words, she should receive, including her own share and their shares, the entire estate left for division and distribution. But it is claimed that the widow cannot be allowed to have the interests which she purchased from the two children enhanced in amount by virtue of the advancement made by the intestate to the plaintiff. This might be true in some cases, as where the widow should purchase only a specific and definite interest from one of the children, as, for instance, a one-sixth part of a particular piece or tract of land; but that is not this case. In this case it seems that the widow purchased the entire interest of each of the two children in this property, and this property was all that was left belonging to the estate, and all that could be divided or distributed among the widow and children. There might in some cases be several tracts of land and much personal property, instead of only one piece of land, as in this case, and in such cases it might be that the benefit to be derived from the advancement should be applied to all the tracts of land and to all the personal property, and should not be confined to any one particular piece or article of property; but none of these cases is the present case. In the present case, and in this present action, the entire estate, real and personal, is the subject of consideration, and there is nothing outside of the property now in controversy with respect to which any question of ad-

vancement or of division or distribution can have any application. There is nothing outside of the property now in controversy which the advancement can affect in the least. So far as the decisions of this court have any application to this case, we think they support the views herein expressed. (*Dayton v. Donart*, 22 Kas. 256 ; *Gatton v. Tolley*, 22 id. 678; *Stratton v. McCandliss*, 32 id. 512; *Hafer v. Hafer*, 33 id. 449; *Hafer v. Hafer*, 36 id. 524; *Vining v. Willis*, 40 id. 609; same case, 20 Pac. Rep. 232.) These decisions, so far as they have application to this case, are to the effect that when the widow marries again, if she should so marry, or when all the children arrive at the age of majority, the land occupied as a homestead shall be divided in the same manner as though it had never been a homestead.

The plaintiff also objects to the testimony of Dr. R. Morris, the administrator of the estate, who testified, among other things, as follows: "That although the estate was not finally settled, the other children had received no distributive share as heirs, and that there was nothing in his hands to distribute." This testimony was objected to upon the ground that it was not the best evidence, and that the records of the probate court were. We think that the evidence was competent and sufficient for the purpose for which it was introduced. It simply shows that the administrator himself had not distributed anything to the two children other than the plaintiff, and that there was nothing in his hands to be distributed. These were facts independent of the records of the probate court, and there was no intention by this evidence to show what was contained in such records, or what was not contained therein. It must also be remembered that the intestate died in April, 1872, and that this testimony of the administrator was not given until in May, 1887; hence it tended to prove that there was no other property at that great length of time after the death of the intestate to be divided or distributed or to be affected by the intestate's advancement to the plaintiff.

The plaintiff also claims that there was not sufficient evidence to prove that any advancement had been made by the

intestate to the plaintiff. Now the record brought to this court does not purport to contain all the evidence, and how much or how little there was upon this subject we cannot tell. The court below found that such an advancement had been made, and in favor of the finding and decision of the court below it must be presumed that there was ample evidence to prove the advancement.

The judgment of the court below will be affirmed.

All the Justices concurring.