OLIVER *v.* WHITTAKER.

Opinion delivered February 14, 1916.

1. IMPROVEMENT DISTRICTS—POSTPONED PAYMENTS OF ASSESSMENTS—COLLECTION OF INTEREST.—The Legislature may authorize the collection of interest on postponed payments or assessments.

2. IMPROVEMENT DISTRICTS—POSTPONED PAYMENTS OF ASSESSMENTS—INTEREST.—Under Act 279, p. 829, Acts of 1909, as amended by Act 177, Acts of 1913, the postponement of the payment of assessments

in installments is entirely at the option of the property owner, and he is merely required to pay interest on the deferred payments, if he exercises the option to defer the payment, and the act does not impose anything beyond the estimate of the value of the improvements, and the interest on the deferred payments.

3.    IMPROVEMENT DISTRICTS—POSTPONED PAYMENT OF ASSESSMENTS—INTEREST—REASONABLENESS OF TIME GIVEN.—When the statute, authorizing the formation of an improvement district, provided that the amount of the assessment might be paid within thirty days without interest, but that payments made after that time would bear interest, the time given held to be of a reasonable length.

4.    IMPROVEMENT DISTRICTS — ASSESSMENTS—BONDS—INTEREST.—Section 10 of Act 177, Acts of 1913, which provides that, "the amount of interest which will accrue on bonds issued by such districts and sub-districts shall be included and added to the tax, but the interest to accrue on account of the issuing of said bonds shall not be construed as a part of (the cost of) construction in determining whether or not the expenses and costs of making said improvements are or are not equal to or in excess of the benefits assessed," *held,* to imply an intention to declare the interest on bonds not be a part of the cost of construction, and was intended as authority for allowing interest on the bonds to be met by interest on the deferred payments of assessments.

Appeal from Clay Chancery Court, Western District; *Charles D. Frierson,* Chancellor; affirmed.

*F. G. Taylor,* for appellant.

The rule is that the expense of constructing a drain can not be assessed against particular lands to an amount in excess of the benefits received by such lands. 14 Cyc. 1061 and notes 41 and 42; *Ib.* 1062 and note 50; 10 A. & E. Enc. L. 232; 120 Ill. 482. The Act of 1913 says the interest on the bond shall be included and added to the tax, etc., but does not authorize the levy of a tax to pay such interest. The power to tax must be express; such grants are construed strictly and all doubts given to the taxpayer. 37 Cyc. 966-7 and notes. The judgment is excessive and void for the reason that it exceeds the amount of the benefits.

*D. Hopson,* for appellees.

The court's action was fully authorized by law. Act 177, § 10. The act is valid. 1 Ark. 513; 11 *Id.* 481; 82 *Id.* 587; 85 *Id.* 175; 99 *Id.* 14. Interest is properly allow-

able on installments not due. 1 Page & Jones on Taxation by Assessment, § 475; 164 Ill. 412; 45 N. E. 723; 42 N. J. L. 508; 43 *Id.* 169; 6 Wash. 368; 33 Pac. 961; 117 Iowa, 366; 90 N. W. 1006; 114 Cal. 137; 44 Pac. 1057; 41 La. Ann. 252; 5 So. 848; 82 S. W. 280; 26 Ohio St. 280; 20 Wash. 343, 55 Pac. 432; 52 *Id.* 1063; 47 Cal. 9; 41 Kans. 560, 21 Pac. 593; 119 N. Y. Supp. 585, 134 App. Div. 533; 126 N. Y. Supp. 241; 141 App. Div. 591.

McCulloch, C. J. Appellant is the owner of real property within the boundaries of Big Gum Drainage District in Clay and Greene counties, and instituted this action in the chancery court of Clay County to enjoin the commissioners of the Drainage District from issuing bonds. An attack was made in the pleadings on the validity of the organization of the district, but those attacks appear to have been abandoned, and the sole question presented here for determination is whether or not the proposed bond issue is valid.

The contention is that the interest on the bonds must be taken into account in determining the cost of the improvement, and that when so treated the said costs will exceed the assessed value of benefits to accrue to the property from the improvement. The value of the benefits as assessed by the board of assessors aggregates the sum of $186,942, and the series of bonds sought to be issued amounts, with interest to maturity, to the aggregate sum of $319,704. Assessments were levied, divided into twenty-two annual installments, apportioned in amount so as to aggregate the total amount of the value of benefits with interest at 6 per cent per annum up to the respective dates of payment, which said aggregate amount is equal to the amount of the bonds and the interest thereon and the sum estimated to be sufficient to defray current expenses of maintenance and emergencies. In other words, the record shows, as we understand it, that the aggregate value of the benefits is divided into annual assessments, bearing interest to maturity, and that the bond issue, with interest thereon to be computed, together with other anticipated expenses, does not exceed that aggregate.

(1)    The contention of appellant is that the amount
of the value of benefits as assessed, without interest, is
the maximum liability of the property owners, and that
there can be no assessments in excess of that amount
for any purpose.    Interest on bonds executed to obtain
borrowed money for use in the construction of an im-
provement is necessarily a part of the cost of construction
(*Fitzgerald* v. *Walker*, 55 Ark. 148), and that additional
burden in excess of the value of benefits can not be cast
upon the property owners unless it be held that interest
can be imposed on postponed installments of the value
of benefits.    It is quite well settled by our decisions that
special benefits to the property to be taxed form the basis
of the right to impose the cost of local improvements
upon such property, and that there can be no imposition
of a tax in excess of the value of benefits.    *Kirst* v. *Street
Improvement District*, 86 Ark. 1; *Alexander* v. *Board of
Directors Crawford County Levee Dist.*, 97 Ark. 322.   But
we have not decided that the Legislature can not author-
ize the collection of interest on postponed installments of
assessments.    On the contrary, it is more reasonable to
say that while the estimate of benefits should be fixed at
the value at the time they accrue to the property from
the construction of the improvement, interest on the de-
ferred installments also becomes a part as it accrues, of
the benefits and payment thereof may be exacted.    All
the authorities which are brought to our attention seem
to agree that the Legislature may authorize the collection
of interest on postponed payments of assessments. 1 Page
& Jones on Taxation by Assessment, section 475; *Watson*
v. *City of Elizabeth*, 42 N. J. L. 508; *Johnson* v. *City of
Trenton*, 43 N. J. L. 169; *Heath* v. *McCrea*, 20 Wash. 343,
55 Pac. 432; *The People* v. *Weber*, 164 Ill. 412, 45 N. E.
723; *E. & W. Construction Co.* v. *Jasper County*, 117 Ia.
366, 90 N. W. 1006; *Hellman* v. *Shoulters*, 114 Calf. 137;
*Newman* v. *City of Emporia*, 41 Kans. 583, 21 Pac. 593.

(2)    The remaining question in the case is whether
or not the Legislature has authorized the collection of
interest in addition to the amount of the assessed value of

benefits. The general statute (Act of May 27, 1909),* under which this district is organized, was amended by the General Assembly of 1913 (Act 177), which included the following section:

"Section 10.  The amount of interest which will accrue on bonds issued by such districts and sub-districts shall be included and added to the tax, but the interest to accrue on account of the issuing of said bonds shall not be construed as a part of (the cost of) construction in determining whether or not the expenses and costs of making said improvements are or are not equal to or in excess of the benefits assessed.

"When assessments of benefits are made in drainage and other improvement districts, the land owners shall have the privilege of paying the same in full within thirty days after the assessment becomes final.  But all such assessments shall be made payable in installments, so that not more than 25 per cent. shall be collectible in any one year against the wishes of the land owner, and in the event that any land owner avails himself of this indulgence, the deferred installments of the assessed benefits shall bear interest at the rate of 6 per cent. per annum, and shall be payable only in installments as levied.

"The levy of the assessment may be made by way of proportional amounts of the total assessed benefits, and interest need not be calculated until it is necessary to do so to avoid exceeding the total amount of benefits and interest."

The language of the new statute just quoted is not as clear as it might be, but when fairly construed we think it means to confer authority merely to collect interest on deferred payments of assessments and to authorize the payment of interest on the bonds, which is to be included in the assessments against the property.  It is our duty to construe the language of the statute so as to render it a valid exercise of legislative power if the language is fairly susceptible to such construction, and we are of the opinion that when an analysis of the statute is ap-

*Act 227, p. 829, Acts 1909. (Rep.)

proached in that spirit it can not be said that it was intended to authorize the imposition of any burden in excess of the actual value of benefits to the property, together with interest on deferred payments. Property owners are by the statute expressly given the privilege of paying the estimated value of benefits within thirty days after the assessment is made, so as to free their property of any further assessment for the cost of improvement. In other words, the postponement of the payment of assessments in installments is entirely at the option of the property owner, and he is merely required to pay interest on the deferred payments, if he exercise the option to defer the payment, but it was not intended to impose anything beyond the estimate of the value of the improvements and the interest on the deferred payments.

(3) It is not contended by counsel for appellant that the time (thirty days) given for payment of assessments free of interest is unreasonably short so as to render unconstitutional that part of the act which attempts to impose the payment of interest as being in effect, a taking of property without due process, but some of the judges maintain that the statute is unconstitutional for that reason, and we deem it proper to say that the majority do not share that view. The fixing of the time of payment of assessments was within the discretion and power of the lawmakers and the time is not so obviously oppressive as to justify the court in setting aside the legislative will.

(4) The last paragraph of the section seems to authorize just what was done in this case, namely to compute the interest on deferred payments of assessments and levy the whole amount, including the computed interest, in proportional assessments. The language of the first paragraph of the section, which if literally interpreted, seems to imply an intention to declare the interest on bonds not to be a part of the cost of construction, was evidently intended merely as before stated, as authority for allowing interest on the bonds to be met by interest on the deferred payments of assessments.

We are of the opinion that the statute, when so construed is a valid one, and that its terms have not been violated by the commissioners in the bond issue involved in this litigation. The decree is therefore affirmed.

Hart and Kirby, JJ., dissent.