ROGERS v. SEMMES.

Opinion delivered April 24, 1916.

1.  IMPROVEMENT DISTRICTS—CONTERMINOUS DISTRICTS—VALIDITY.—The second of two sewer districts, being organized to complete the work begun by the first, the two being conterminous will be held invalid, where the formation of the second district will make the assessed benefits of the two exceed 20 per cent. of the assessed value of the property therein.

2.  IMPROVEMENT DISTRICTS—CONTERMINOUS DISTRICTS—VALIDITY.—There is no authority in the law for the creation of two improvement districts embracing the same territory, for a single improvement.

Appeal from Mississippi Chancery Court, Osceola District; *Charles D. Frierson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

On March 20, 1911, the city council of Osceola passed an ordinance creating Sewer District No. 1, which included in its territory the entire city of Osceola. Bonds were issued and assessments were levied to the extent of 20 per cent. of the assessed value of the real property in the town, including interest. In order to reach an outlet it became necessary to drain into a drainage ditch about a mile or more beyond the corporate limits. The system was almost completed when quicksand was encountered in constructing the outlet, which resulted in a total failure of the entire drainage project.

During the current year, on petition of more than ten in number of the property owners in the city of Osceola, the city council passed another ordinance crea-

ting Sewer District No. 2, for the purpose of construcing an outlet for the sewerage contemplated by the creation of Sewer District No. 1. After the district was created a majority in value of real property owners within the district petitioned the city council to proceed with the work and to assess the costs thereof against the real property within the district. Thereupon this suit was instituted by the appellee, a tax payer, against the appellants, who constituted the city council of Osceola, to restrain them from letting the contract and levying any tax for the purpose of making the improvement contemplated in the creation of Sewer District No. 2, that is, to complete the outlet of Sewer District No. 1.

The appellee, among other things, set up in her complaint that the commissioners of Sewer District No. 1, in the construction of the improvement contemplated by that district had already incurred an indebtedness equal to 20 per cent. of the assessed value of the property in the district at the time the improvement was undertaken, which was the limit allowed by law for the payment of such improvement, and that, notwithstanding this fact the appellants had passed an ordinance creating Sewer District No. 2; that unless restrained they would proceed to let a contract for the work contemplated in the creation of Improvement District No. 2 and would proceed to levy a tax upon the property of the appellee and others included in the district to pay for such work, and that such levy would be an unlawful assessment.

The appellants answered, setting up substantially that on account of the difficulties encountered by reason of the quicksand in constructing the outlet to Improvement District No. 1, the entire sewer system contemplated in the creation of that district had been abandoned and could not be used until the proper outlet had been established; that such an outlet involved an expenditure beyond the capacity of Sewer District No. 1 to bear; that such outlet could be built within a cost of not exceeding 20 per cent. of the assessed value of the property within the city, and that Sewer District No. 2 had

been created for the purpose of completing the outlet
begun by Sewer District No. 1.

The court sustained a demurrer to the answer and
entered a decree enjoining the mayor and aldermen from
passing any additional ordinance or levying any tax in
addition to the tax already levied for the building of
sewers or outlets for the sewer system already created,
and appellants duly prosecute this appeal.

*J. T. Coston,* for appellants.

The first district was organized under the old law
providing that the cost should not exceed 20 per cent.
of the assessed value. Kirby's Digest, § 5683. Both
principal and interest must be treated as part of the cost.
67 Ark. 30. In 1913 the Legislature amended the section.
Acts 1913, p. 530. This opened the way for the creation
of district No. 2 and the levy of an additional tax. 1
Page & Jones, § 507; 113 N. W. 700; 145 Ark. 97. The
court erred in sustaining the demurrer. The Legisla-
ture may by curative acts remedy and validate defects
and omissions, which might have been dispensed with.

The appellee, *pro se.*

Improvement District No. 2 was created without au-
thority of law and is void. Kirby's Digest, § 5683; 67.
Ark. 30; Acts 1913, p. 530; Act 245, Acts 1909, § 3. The
decree should be affirmed.

WOOD, J., (after stating the facts). Sewer District
No. 1, in the city of Osceola, was created under section
5683 of Kirby's Digest, which provides, among other
things, that "no single improvement shall be undertaken
which alone will exceed in cost 20 per centum of the
value of the real property in such district as shown by
the last county assessment."

(1) The outlet for the sewer system contemplated
by the creation of Sewer District No. 1, which was the
same work contemplated by the creation of Sewer District
No. 2, constitutes but a single improvement. The two
districts were coterminous, embracing the entire city,
and if they had been created for the purpose of making

two district improvements, both districts would be valid, although the aggregate cost of both improvements exceeded 20 per cent. of the value of the real property in the district. *Crane* v. *Siloam Springs,* 67 Ark. 30. But, under the facts set forth in the answer and conceded by the demurrer, it appears that Sewer District No. 2 was organized for the purpose of completing the same work, or part of the same work, for which Sewer District No. 1 was created. Both districts therefore contemplated, under the law, but a single improvement, and inasmuch as the cost of such improvement would exceed 20 per cent. of the assessed value of the real property in the districts, the improvement contemplated by such District No. 2 can not be undertaken, and an assessment to pay for the work of such improvement would be void, under the provisions of the above section.

This court, in *Fitzgerald* v. *Walker,* 55 Ark. 148-159, held that where money is borrowed to make the improvement and interest is stipulated for, it becomes a part of the cost of the work, and that the principal and interest necessary to be paid in order to complete the improvement, must not exceed 20 per centum of the assessed value of the property in the district. See also, *Oliver* v. *Whittaker,* 122 Ark. 291.

In 1913 the Legislature amended section 5683 of Kirby's Digest so as to provide that "in determining what shall be 20 per centum of the value of the real property in the district, interest upon borrowed money shall not be computed as part of the cost." Act 125, Acts of 1913, p. 527-530. This act was held valid in *Oliver* v. *Whittaker, supra.*

(2)   Improvement districts are creatures of the statute. No authority can be found in the law for the creation of two improvement districts embracing the same territory for a single improvement. No such authority is conferred by the act of 1913, *supra.* The old law was not amended by this statute so as to bring it within the power of the city council of Osceola to create

two improvement districts for one and the same improvement.

The law was not intended as a curative statute and to validate the creation of districts and assessments for the making of improvements the cost of which, including principal and interest, on the bonds, would exceed 20 per cent. of the assessed value of the property in these districts; nor did the lawmakers intend to authorize the creation of an additional improvement district embracing the same territory of a former district for the purpose of completing or carrying out the project contemplated by the creation of the former district, nor for the maintenance and repair of the improvement of the district already created. The facts set up in the answer show that the improvement contemplated by the creation of District No. 2 was but a completion and repair of the work that had been done by District No. 1. The law makes provision for the maintenance and the keeping of improvement districts in cities and towns in a good state of repair. Act 245, Acts of 1909, p. 742.

Improvement District No. 2 was therefore created without authority and is void, and appellants had no power to make the improvement and assess the property of the appellee to pay for same. The decree of the chancellor restraining them from so doing was correct, and it is affirmed.