PHILLIPS *v.* TYRONZA AND ST. FRANCIS ROAD IMPROVEMENT DISTRICT.

Opinion delivered October 25, 1920.

1. HIGHWAYS—ROAD DISTRICT—PAYMENT OF ASSESSMENTS.—Acts special session 1920, No. 140, creating a road improvement district and providing for issuance of bonds and assessment of benefits, is not invalid because it does not contain a provision allowing land owners the privilege of paying without interest assessments of benefits immediately after the levy.

2. HIGHWAYS—INTEREST ON ASSESSMENTS.—Act special session 1920, No. 140, creating a road district, *held* sufficiently definite to allow interest on the assessment of benefits.

3. HIGHWAYS—COMMISSIONERS NOT AUTHORIZED TO ELIMINATE LATERAL.—Commissioners of a road improvement district created by the Legislature (Special Acts 1920, No. 181) may not eliminate from the district a lateral seven and one-half miles in length specifically and definitely described in the act creating the district.

4. HIGHWAYS—EFFECT OF ELIMINATING LATERAL.—Elimination of a lateral seven and one-half miles in length described in the statute creating a road district rendered an assessment of benefits void.

5. HIGHWAYS—TIME OF MAKING OBJECTION TO ASSESSMENT.—A suit to restrain road commissioners from proceeding further with the construction of a road improvement, authorized by acts special session 1920, No. 181, and levying of assessments, goes to the integrity of the district itself, and the provision of the statute limiting the time for making objections to assessment of benefits does not apply.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; reversed in part.

P. J. Phillips brought suit in equity against the Tyronza and St. Francis Road Improvement District of Cross County, Arkansas, which was created by act No. 140 of the acts of the special session of 1920.

The complaint alleges that the estimated cost of the improvement is $427,991, and that the assessed benefits are $481,741; that the commissioners contemplated selling bonds in the sum of $427,990, which will, together with the interest, amount to approximately $700,000, and that this will exceed the total amount of assessed benefits. The prayer of the complaint is for an injunction against the commissioners, restraining them from proceeding further in the matter of issuing bonds or otherwise proceeding with the construction of the improvement. A similar suit was instituted against the Parkin Road Improvement District, which was organized under act No. 181 of the special session of 1920. Essentially the same allegations are made as are made in the first suit. Hence it will not be necessary to state the precise figures.

In this case it is also alleged that the district is void because the commissioners contemplate a substantial departure from the improvement designated by the Legislature, in that they eliminate about $7\frac{1}{2}$ miles of road from the improvement.

The cases were consolidated and tried together. The chancellor was of the opinion that the complaints did not state facts sufficient to constitute a cause of action, and in each case it was decreed that the complaint should be dismissed for want of equity.

The plaintiff in each case has appealed to this court.

*Lawrence Burrow* and *R. R. Bond,* for appellants.

When the interest is added to the amount of bonds proposed to be issued the cost of the improvement will exceed the total assessment of benefits and the district is void. Acts Nos. 140 and 181, Acts 1920; 133 Ark. 197.

The change in the route and plans avoided the districts. The Alexander Road Law and 133 Ark. 197.

*Killough, Lines & Killough,* for appellees.

1. The assessment of benefits was adequate and the interest added does not make the assessment void as excessive. 124 Ark. 61; 110 *Id.* 20; 223 S. W. 721.

2. The alteration of the plans was authorized by the acts. 219 S. W. 21; 133 Ark. 491; 135 *Id.* 104; 213 S. W. 373; Act 288, Acts 1915, p. 1400; Act No. 81 of 1920, §§ 1-4, 26.

3. Appellant is barred. The plans and assessments were duly made and filed and proper notice given and proper hearing had upon the assessments and no suit was brought to contest same within thirty days and the matter is conclusive. Page & Jones on Taxation by Assessment, vol. 2, art. 918; 213 S. W. 775; 184 Ark. 411; 134 *Id.* 10; 110 *Id.* 511; 131 *Id.* 435. The assessment of benefits properly draws interest and is not excessive with interest added, and the commissioners had due authority to make the assessments, and they were properly made according to the plans, duly made and filed, and the assessments were not void and no suit was brought within the time prescribed and the decree should be affirmed.

HART, J. (after stating the facts). It is earnestly insisted that, under the allegations of the complaint in each case, when the interest is added to the amount of bonds proposed to be issued that the cost of the improvement will exceed the total assessment of benefits, and for that reason the district is void. The determination of this question depends upon the construction to be placed upon section 10, which is the same in each act. It reads as follows:

"Section 10. The amount of interest which will accrue on bonds issued by such district shall be included and added to the tax, but the interest to accrue on account of the issuing of said bonds shall not be construed as a part of the cost of construction in determining

whether or not the expense and cost of making said improvements equal the benefits assessed.

"The levy of the assessment may be made by way of proportional amounts of the total assessed benefits, and interest need not be calculated until it is necessary to do so to avoid exceeding the total amount of benefits and interest, or the interest may be first collected."

It is insisted that this section is invalid for the purpose intended because it does not contain a provision allowing the landowners the privilege of paying the assessments of benefits immediately after the levy of the assessment is made. This is no longer an open question in this State. In *Pfeifer* v. *Bertig,* 141 Ark. 531, this court held that a provision in the statute expressly allowing present payment of the amount of benefits assessed is not essential to give validity to an act authorizing the collection of interest on the assessment of benefits, and a statute containing no such provision is valid. In discussing the question in that case, the court said: "The allegations of the answer show that to make the improvements the directors of the district contemplated the issuance of bonds which were paid serially through a course of twenty years. As the appellant got the benefit of the money derived from these bonds in the present improvement of his property, and, since the payment of his assessment was deferred, it was but just and right, under such a state of case, that he should be made to pay interest on the assessment of benefits. At least, such was the judgment of the lawmakers, and the act does not interfere with the right to contract.

Our attention has not been directed to any cases where it is held that a provision expressly allowing present payment of the amount of benefits assessed is essential to give validity to acts authorizing the collection of interest on the assessment of benefits, and our own research has not discovered any cases so holding. On the contrary, the authorities seem to uphold statutes where no such provision is made." To the same effect see *Summers* v. *Cole,* 144 Ark. 494, and cases cited.

Again, it is insisted that the section is not sufficiently definite and certain to allow interest on the assessment of benefits. We can not agree with counsel in this contention. The concluding clause of the section shows clearly that it was the intention of the Legislature to authorize interest to be calculated on the assessments whenever it was necessary to do so in order that the cost of the improvement might not exceed the total amount of benefits. Hence we conclude that the court below properly held with the commissioners of the improvement district in this respect.

In the Parkin Road Improvement District, another issue is made by the appeal. That district was established by act No. 181 of the Legislature at the special session held in 1920. Section 1 of the act specifically describes the road to be improved and as well, four laterals. The laterals are termed A, B, C, and D. Lateral B is approximately 7½ miles in length and the commissioners eliminated it from the district. It was specifically and definitely described in section 1 of the act creating the improvement district. Neither the commissioners nor the courts have the power to eliminate it. To do so would be to usurp the power of the Legislature and by conjecture say they would have passed an act essentially different from that actually enacted.

In *Rayder* v. *Warrick*, 133 Ark. 491, the court held, in a case in all respects similar to the one under consideration here, that intending to give to commissioners the power to alter the plans and to change the route of the proposed improvement does not authorize the commissioners to change the plan of the improvement to a wholly different one, or to construct it over a wholly different route. The court in effect held that the operation of the statute was limited to immaterial changes in the plans and specifications and the route of the road. To the same effect see the later cases of *Hout* v. *Harvey*, 135 Ark. 102, and *Pritchett* v. *Road Imp. Dist. No. 3*, 142 Ark. 509.

The elimination of 7½ miles of the lateral would be as material a change in the plans as adopted by the Legislature, as it would be to change that lateral from one location to another. This change rendered the assessment of the Parkin Road District void, and the court erred in not so holding.

It is contended by the road commissioners that the present suit was not commenced within the time allowed by the statute, and for that reason should be dismissed. In making this contention they rely upon the provision of the statute limiting the time of landowners in making objections to the assessment of benefits on their lands. The present suit, however, was not instituted for that purpose. It goes to the integrity of the district and attacks its validity. Hence it does not come within the provision of the statute limiting the time for reviewing assessments of benefits. *Mo. Pac. Rd. Co.* v. *Conway Co. Bridge Dist.,* 134 Ark. 292, and *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.,* 142 Ark. 1.

It follows that the decree of the chancery court holding the Tyronza and St. Francis Road Improvement District of Cross County, Arkansas, to be valid, is correct and will be affirmed.

The decree, in so far as it holds that the assessment of the Parkin Road Improvement District is a valid one, is not correct, and for the reasons assigned above, the decree in this respect will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.