BENTON *v.* NOWLIN.

4-3153

Opinion delivered July 3, 1933.

*Murray O. Reed,* for appellant.

*Wallace Townsend,* for appellee.

BUTLER, J. The commissioners of Street Improvement District No. 419 of Little Rock, Arkansas, were proceeding under the authority of act No. 112 of the

Acts of the General Assembly of 1933 to refund the outstanding bonds of the district in the sum of $60,000. This suit was instituted by the appellant as a taxpayer to restrain the board from proceeding further in its contemplated action. A stipulation of facts was filed by the parties and a demurrer interposed to the complaint which the court sustained, and, the appellant electing to stand upon his complaint, the same was dismissed for want of equity. This appeal followed.

Section 1 of act No. 112 of the Acts of 1933 provides that any municipal improvement district shall have power to fund and refund its outstanding indebtedness, including its bonded indebtedness, and the accrued interest thereon, and to extend the maturity of such indebtedness on such terms as the commissioners of the district shall deem for the best interests of the same, and to that end may issue negotiable bonds of the district. It was provided that the refunding bonds might be exchanged for bonds outstanding of the original issue including the matured interest thereon, or they might be sold and the proceeds thereof applied to the outstanding indebtedness of the district; also, that refunding bonds should not be issued in a greater amount than necessary to pay the existing indebtedness with interest to the date of the delivery of the new bonds plus expenses incurred in connection with the new issue, and the new bonds could not be delivered except upon the surrender and cancellation of a proportionate part of the indebtedness being refunded; nor should the new bonds bear a greater rate of interest than six per cent. per annum or be disposed of at less than par upon the basis of such interest.

The complaint challenges the constitutionality of § 2 of the act, said section being as follows:

"Section 2. In order to provide for the additional interest requirement of such refunding bonds and the expense incurred in connection with the issuance of such refunding bonds, the improvement district issuing refunding bonds may follow any one of the alternative procedures hereinafter outlined and designated as (a) and (b), to-wit:

"(a) Such improvement district issuing refunding bonds may provide by resolution of the board of commissioners, duly adopted, that the entire balance unpaid on the date of the refunding bonds of the assessment of benefits against each lot, block and parcel of land and railroad track and right-of-way shall draw interest at any rate deemed advisable or necessary, not in excess of six per cent. per annum, from the date of the refunding bonds until paid, but the interest need not be collected until it is necessary to do so to avoid exceeding the total amount of benefits, and, if collected, shall be collected on each installment or annual levy separately; and after the date of said refunding bonds, the annual levies of assessment of benefits shall be collected on the balance unpaid on the date of said refunding bonds against each lot, block and parcel of land and railroad track and right-of-way in the improvement district, and a certified copy of such resolution shall be filed with the secretary of the district with the collector of the district; or

"(b) · Such improvement district issuing refunding bonds may provide by resolution of the board of commissioners duly adopted that the entire balance unpaid on the date of the refunding bonds, of the assessment of benefits against each lot, block and parcel of land and railroad track and right-of-way shall be the assessment of benefits against each respective lot, block and parcel of land and railroad track and right-of-way for the refunding issue of bonds and shall draw interest at any rate fixed by the resolution, not in excess of six per cent. per annum, from the date of the refunding bond until paid, but the interest need not be collected until it is necessary to do so to avoid exceeding the total amount of benefits, and, if collected, shall be collected on each installment or annual levy separately; and after the date of such refunding bonds, the annual levies of the assessment of benefits shall be collected on the respective assessments of benefits as thus fixed against each lot, block and parcel of land and railroad track and right-of-way, with or without an interest charge thereon, as the commissioners may deem necessary, provided, how-

ever, that when such a resolution is adopted by the board of commissioners it shall be certified by the secretary to the said improvement district, and it shall be filed with the city clerk or town recorder who shall publish in some newspaper published in said city or town, if there be one, and, if not, then in some newspaper published in the county and having a *bona fide* circulation in such city or town, a notice which shall be in the following form:

" 'Notice to owners of property: (Here follows form of notice).' "Within ten days after the publication of said notice, the district or any property owner may apply to the city or town council to revise the assessment so made, and the district or the property owner may within thirty days apply to the chancery court of the county to have the assessment revised and corrected. If no application is made to such council within ten days, or to such court within thirty days, said assessment shall become final and incontestable, subject only to annual revision as provided by law. On appeal to the city or town council a hearing can be had as prescribed in § 5661 of Crawford & Moses' Digest. When said assessment is filed, the city clerk or town recorder shall make the corrections upon the original assessment roll on file in red ink, and shall certify said assessment to the collector of the district."

By the stipulation of facts it was agreed, among other things, that at the time of the construction of the improvement in 1926, business conditions were good, and the city of Little Rock enjoyed the general prosperity; that the improvement was built with the expectation that connection would be made with one of the main highways of the State and continued as a boulevard to the State Fair Park making the project a valuable one greatly increasing the value of property fronting the proposed improvement, and therefore the commissioners, with the consent of the property owners, built a wider and more substantial street than necessary to serve the ordinary traffic needs. The State Highway Department, however, refused to include it in the State Highway System, and to make the connection with the State high-

way and changes in business conditions have prevented the carrying forward of the plan of making the improvement a boulevard to the park. Because of this and the general decline in property values, the property owners have found the burden of assessments more severe than anticipated, and because of decline in rental values they have become unable to pay the annual assessment of benefits necessary to retire the present issue of bonds as contemplated, and a large part of the annual assessments have become delinquent and remain unpaid, to a total of approximately $14,000, the annual delinquencies becoming progressively greater each year. Consequently the property owners are in grave danger of losing their homes unless the bond issue can be refunded and the annual collections be greatly decreased.

The present plan of the commissioners contemplates the retirement of the bond issue over a period of fifteen years, beginning with the year 1934, on which the annual requirements will be approximately one-half of what is required under the present schedule of maturity. The district is in default $9,500 in bonds due September 1, 1932, and $1,362 interest due March 1, 1933. The plan of the commissioners brings all delinquent assessments up to date, cuts the annual burden about fifty per cent., and to that extent is a direct and positive benefit to the property owners in the district.

The complaint attacks the constitutionality of the act on three separate grounds. First, that, in order to pay the interest on deferred assessments provided for in the act and contemplated by the commissioners, the assessments of benefits must be increased, and, as the assessments cannot be levied or collected for any purpose except for the construction of the improvement including the necessary incidental expenses, the act violates the Constitution, as held in *Bourland* v. *Southard*, 185 Ark. 627, 48 S. W. (2d) 555. In this connection the appellant calls attention to the case of *Street Improvement Dist., etc.* v. *Goslee,* 183 Ark. 539, 36 S. W. (2d) 960, where it is held that the assessment of benefits in municipal improvement districts is fixed as of the time of the

original assessment, which therefore can neither be increased nor diminished except for some physical change in the condition of the property since the original assessment, resulting in an increase or diminishing of property values.

Attention is also called to the case of *Kelly Trust Co.* v. *Paving Improvement Dist., etc.*, 185 Ark. 397, 47 S. W. (2d) 569, and the rule there announced to the effect that local assessments can be imposed only to pay for improvements which result in special benefits to the property assessed.

On the doctrine of these cases, counsel for the appellant contends that the interest provided for in § 2, *supra,* and the expenses incurred by appellees in connection with the refunding of the outstanding bonds of the district, are additional burdens to the property of the district, and the practical result will be that the assessments of benefits must be materially increased to pay for the same, and that this is equivalent to increasing the cost of improvement. Moreover, they contend that the property will receive no corresponding physical, material, or substantial benefit, and therefore the act comes within the constitutional inhibition as decided by the cases which counsel have cited, *supra.*

Counsel also cite the case of *Turner* v. *Edrington,* 170 Ark. 1155, 282 S. W. 1000, in support of the contention that local improvement districts in cities and towns have no authority to collect interest on installments of assessments of benefits.

We do not assent to these contentions or agree that the case last cited holds as the appellant seems to think. It is true that the assessments of benefits must be based upon the special benefits to the property to be taxed which forms the basis of the right to impose the cost of local improvement upon the property, and that there can be no imposition of a tax in excess of the value of the benefits. It is also true that the consent of the property owners must first be obtained in the manner provided by law for the assessment of benefits to pay for the cost of construction of improvements in municipal improve-

ment districts, and that the authority conferred by the original petition under which the district was formed could not be subsequently enlarged by legislative enactment to an additional burden to which the taxpayers had not consented. *Paving District No. 5* v. *Fernandez,* 142 Ark. 21, 217 S. W. 795; *Bourland* v. *Southard, supra.*

The interest on deferred payment of assessments however is no part of the original cost of improvement, but is a legitimate charge for the use of the money of which the appellants have received the benefit. They might have paid the assessment of benefits against their property in cash and so avoided the payment of any interest which might be imposed. On this theory, the general rule has been formulated that the Legislature may authorize the collections of interest on postponed installments of assessments. In the case of *Oliver* v. *Whittaker,* 122 Ark. 291, 183 S. W. 201, it is stated, in effect, that the value of benefits must be fixed at the time they accrue to the property from the construction of the improvement, but interest on the deferred installments becomes also a part, as it accrues, of the benefits, and payment thereof may be exacted. In that connection, the court said: "All the authorities which are brought to our attention seem to agree that the Legislature may authorize the collection of interest on postponed payments of assessments." A number of our decisions restate and approve the rule announced in *Oliver* v. *Whittaker, supra.* Among these are *Phillips* v. *Tyronza, etc., District,* 145 Ark. 487, 224 S. W. 981; *Skillern* v. *White, etc., District,* 139 Ark. 4, 212 S. W. 90; *Pfeiffer* v. *Bertig,* 141 Ark. 531, 217 S. W. 791; *Summers* v. *Cole,* 144 Ark. 494, 223 S. W. 721.

The case of *Turner* v. *Edrington, supra,* relied on by the appellant as authority for the contention that municipal improvement districts have no authority to collect interest on installments of benefits, holds merely that, in the absence of statutory authority, such districts may not charge or collect such interest, but, as we have seen, when authorized by the statute, they do have this right, and it is not to be taken as a part of the cost of

construction, nor effect an increase in the assessment of benefits within the meaning of the law. The interest charge on deferred payments of assessments may be imposed by the Legislature after the assessment has been made and the construction finished. *Pfeiffer* v. *Bertig, supra.*

Secondly, it is insisted that the act is unconstitutional for the reason that it attempts to take away from the assessors of the district who, under the terms of the general statute, serve for its life, the duty of making the assessment of benefits and give that power to the commissioners. The answer to this contention is that no provision for a new assessment of benefits is to be found in the act. The method provided by which the amount of the refunding bonds is to be ascertained is one in which no discretion is given, but involves an arithmetical calculation. In procedure (b) provided for in § 2, *supra,* the one adopted by the commissioners in the instant case, it is provided that the entire balance unpaid on the date of issue of the refunding bonds or the assessment of benefits (unpaid) against each lot, block, parcel of land, and railroad track and right-of-way shall be the assessment of benefits against the same. From the stipulation it appears that the amount of the original issue was $107,000, payable serially on the first day of September of the years 1927 to 1937, both inclusive, bearing interest at the rate of five per cent. per annum from date until paid, interest payable semi-annually on said dates. Of this issue there remained outstanding $60,000 of which $9,500 was past due and unpaid with unpaid interest to the amount of $1,362.50. It was the balance of the unpaid bonds which was determined by subtracting the bonds which had been paid from the original issue, which had become the amount for which the refunding bonds are proposed to be issued; and the balance of the original assessment of benefits becomes the new assessment of benefits on the property of the district from which the bonds as refunded are to be paid.

In the third place, the appellant contends that the expenses provided for in the act in connection with the

issue of the refunding bonds is an expense not in the minds of the property owners at the time the petition was signed and the assessment of benefits made. A sufficient answer to this contention is that in the instant case this expense (which likely is, and ought to be, insignificant) does not increase the assessment of benefits, for these remain proportionately the same as when the district was first organized, for the proposed issue of new bonds amounts exactly to the balance unpaid of the old issue. From the facts as stipulated, it is manifest that the application of the act in the instant case effects the consummation of a salutary purpose and brings to the property owners a method of relief by which their obligations may ·be liquidated with relative ease and prevent the loss of their property.

It is our conclusion that the statute is a valid enactment. The decree of the trial court is correct, and it is therefore affirmed.