TAYLOR *v.* HEINEMANN.

4-5793                                    137 S. W. 742

Opinion delivered February 26, 1940.

*Pickens & Pickens,* for appellant.

*Ras Priest* and *C. M. Erwin, Jr.,* for appellee.

McHANEY, J. Appellant brought this action of ejectment against appellee to recover the possession of the SW, SE and SE, SW, 14-10-3, in Jackson county, Arkansas. He deraigned his title by quitclaim deeds thereto, one from Village Creek & White River Levee District, hereinafter called Levee District, and one from Mayberry Drainage District, hereinafter called Drainage Dis-

trict, said land being located in both districts, and alleged that title thereto passed to the districts by reason of separate foreclosure actions in which the said lands were sold to the districts. The facts are stipulated. The Levee District was placed in federal receivership in 1929. In 1934, in the suit of the then receiver, Joe S. Long, in the federal court court at Batesville, said lands were sold by the commissioner to Joe S. Long as receiver for the delinquent levee taxes of 1929, 1930, and 1931 and deed issued to him, which was duly and promptly recorded in Jackson county. The record title to said lands was in Joe Thrift from 1929 to October 8, 1932, when the lands were deeded back to appellee, from whom Thrift had bought in 1929, and appellee's deed was duly recorded. In the suit to foreclose the lien for taxes in the federal court, said lands were advertised in the name of Joe Thrift as the supposed owner.

The deed to appellant from the drainage district was based upon a deed to the district in a foreclosure proceeding wherein said lands were condemned to be sold for delinquent assessments to said district, and in which they were advertised in the name of Block, Lyons & Keel, as supposed owners.

Appellee defended on a general denial, and among other defenses, alleged that he was the owner of said land, his deed to same being of record, and was in the actual, open and notorious possession of same and had been for many years prior to the institution of said suits to foreclose; that the notice of the pendency of said suits was insufficient to confer jurisdiction on the courts; that the sales thereunder were void; and that the deed to the receiver of the levee district and the deed to the drainage district, as also their deeds to appellant should be canceled. The case was transferred to the chancery court. Trial resulted in a decree for appellee on the insufficiency of the notice as to the supposed owner, in which a lien was decreed against said land for the amount of outlay of appellant in the payment of taxes.

For a reversal of this decree appellant says the only question presented for our determination is "whether or not the sale of the lands involved herein by Joe S. Long,

receiver of Village Creek & White River Levee District of Jackson county, Arkansas, was valid or not.'' Appellee states it as follows: ''Is the record owner of lands, who has been in actual possession for a full year, bound by a decree of foreclosure in a proceeding against his grantor as the 'supposed owner,' under a statute substantially identical in terms with the general statute governing the giving of notice in the foreclosure suits of drainage districts?''

It is conceded by appellant that the sale in the drainage district suit was invalid, under the authority of *Simpson* v. *Reinman*, 146 Ark. 417, 227 S. W. 15, but it is strenuously insisted that the sale in the levee district case by the receiver was valid under the same authority.

The act creating the levee district is act 170 of 1913, Acts 1913, p. 1553. It provides that suits for the foreclosure of the lien of delinquent assessments shall be brought in the chancery court of the county in which the land is located and further provides: ''Said proceedings and decrees shall be in the nature of proceedings *in rem*, and it shall be immaterial that the ownership of said lands or other property subject to said assessment be incorrectly alleged in such proceedings and said decree shall be in force (enforced) solely against said lands or property so proceeded against . . .'' It then provides for the publication of a notice and prescribes a permissible form. It then provides: ''Then shall follow a list of supposed owners, with a descriptive list of said delinquent lands and amounts due thereon, respectively, as aforesaid.''

This statute is in all essential respects identical with the statute construed in *Simpson* v. *Reinman, supra.* That case was decided by a divided court, and without expressing any opinion as to the correctness of the reasoning of the majority, we decline to overrule it. However, we decline to extend the holding there announced, which we feel we would be compelled to do, in order to affirm the decree here in question. The facts in that case were that one Adams was listed as the ''supposed owner'' of the tract of land there delinquent for road improvement assessments. As to him the opinion re-

cites: "It is not shown that he ever had any title to the property or that he was in possession of it, or made any claim thereto at the time the foreclosure proceedings were had." In the case at bar, Joe Thrift, who was listed as the "supposed owner," was the owner and in the actual possession of said lands from 1929 to 1932, during which time the assessments accrued thereon and became delinquent, for the enforcement of which suit was brought to foreclose. We think the receiver was not shown to be negligent in listing Joe Thrift as the supposed owner, for he was in fact the owner when the delinquencies occurred. Nor was the receiver required to search the records or get an abstract of title to the lands before proceeding with the sale. We so held in *Deaner* v. *Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600. In the opinion on rehearing in *Simpson* v. *Reinman, supra,* the late Judge HART said: "As we have already seen, while the statute requires them to designate the supposed owners, it relieves them of the consequences of mistakes on their part by providing that a mistake in the allegations of ownership of the land shall not be material. In other words, it does away with the rule that giving of the name of the owner incorrectly invalidates the sale; but the Legislature did not intend to bind the owner where the commissioners named a person as the 'supposed owner' who they knew had no interest whatever in the land, or when they acted with gross carelessness in the matter."

In this case appellee testified he had no actual knowledge of the suit to foreclose, but that he knew the land was in the district and that the taxes had not been paid.

We are, therefore, of the opinion that the statute above mentioned relating to the publication of the notice was substantially complied with and that *Simpson* v. *Reinman, supra,* is not controlling here. Appellee's loss is due to his own negligence, and he has no just complaint. His land was sold according to law.

The decree will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.