RICHEY *v.* LONG PRAIRIE LEVEE DISTRICT.

4-6464                                    155 S. W. 2d 582

Opinion delivered November 10, 1941.

*Will Steel* and *Barney & Quinn,* for appellant.

*Searcy & Searcy* and *Rose, Loughborough, Dobyns & House,* for appellee.

2

SMITH, J. The board of directors of Long Prairie Levee District filed this suit on April 17, 1939, to enforce payment of delinquent betterment assessments for the years·1937 and 1938, and among other lands embraced in the suit were 960 acres belonging to appellant, T. R. Richey, who was the only defendant to file an answer. In his answer, he alleged that he had paid all assessments due on his lands.

The district was organized under act 106 of the Acts of 1905, p. 267, which authorized an *ad valorem* assessment not to exceed in any year 4 per cent. of the ·assesséd valuation. The levee was built to afford protection from flood waters of the Red River, but it was built so near the river that, in 1917, a large part of it caved into the river, and it became necessary to build about 27 miles of new levee, including the portions of the old which were enlarged. Act 339 of the Acts of 1917, vol. 2, p. 1683, was passed to enable the district to construct this new work, and a bond issue not exceeding $500,000 was authorized. The act provided for the assessment of betterments. This assessment was made, and the benefits assessed amounted to $595,459. Benefits of $20 per acre were assessed against all the lands in the district, except certain lands which could not be protected from backwater. The benefits assessed ·against appellant's 960 acres, at $20 per acre, amounted to $19,200.

The act pursuant to which this assessment was made gave all landowners thirty days in which to pay the benefits assessed against their lands, but no landowner availed himself of this option.

Section 4 of act 339 of 1917, vol. 2, pp. 1683, 1687, entitled "An act conferring additional powers upon the Long Prairie Levee District," provided for the collection of installments of benefits not to exceed in any one year 5 per cent. of the total assessed benefits, but that "the deferred installments of the assessed benefits shall be payable only in installments as levied."

Bonds were issued by the district bearing interest at 6 per cent. per annum. The act pursuant to which they were issued provided that "The amount of interest which will accrue upon the bonds of the district shall be included

and added to the tax; but the interest to accrue on account of the issuing of said bonds shall not be construed as a part of the cost of construction in determining whether or not the expenses and cost of making said improvements are or are not equal to or in excess of the benefits assessed.''

It appears, therefore, that authority was conferred upon the district to levy in any year not exceeding 5 per cent. of the betterments for the discharge of the bonded debt in addition to the interest on the bonded indebtedness.

This power was not fully exercised. On the contrary, the board of directors, on March 4, 1918, passed a resolution providing that the benefits assessed should be paid in successive annual installments, and for the years 1918, 1919, 1920, 1921 and 1922, only the interest upon the assessment of benefits should be collected at the rate of 6 per cent. per annum, and for the year 1923 and each year thereafter there should be collected interest upon the benefits at 6 per cent. per annum and 2.75 per cent. of the principal of said benefits.

In each of the years 1918, 1919, 1920, 1921 and 1922 there was extended against appellant's lands an annual assessment amounting to $1,152, which is 6 per cent. interest upon the total benefits of $19,200 assessed against his lands. Appellant paid this $1,152 assessment against his lands for each of these years, the total sum so paid amounting to $5,760. For the years 1923 to 1931, inclusive, appellant paid an annual assessment against his lands of $1,680, said assessment consisting of interest upon the total amount of betterments at 6 per cent. and 2.75 per cent. upon the principal amount of betterments amounting to $528. The total taxes paid by appellant to the district for the years 1923 to 1931, inclusive, was $15,120, this being in addition to the appellant's payments for the years 1918 to 1922 of $5,760.

Like practically all similar districts in this state, Long Prairie Levee District defaulted in its obligations during the depression, through the failure and refusal of many landowners to pay assessments against their lands, and the district was rescued from its default

through a loan made by the Reconstruction Finance Corporation of $200,000.

In opposition to appellant's prayer for relief, it is urged that he is estopped and barred by laches, inasmuch as he and all other landowners accepted the benefit of the loan made by the RFC, which was induced by an exhibit of the plan under which the district proposed to discharge this debt.

We do not consider this defense, as, in our opinion, the case was properly decided upon its merits, and we base our affirmance of the decree of the court below upon that ground.

As a result of the aid given by the RFC appellant and all others obtained a large and proportionate reduction in the taxes they would otherwise have been required to pay for the years 1932 to 1936, inclusive. The decree from which is this appeal contains the recital that in the year 1938 appellant paid the amount of $2,400 in settlement of installments of assessments against his lands for the years 1932, 1933, 1934, 1935 and 1936, "and that said defendant was given credit as against his assessed benefits for said five years, as though the taxes levied in said years had been paid in full by him."

The taxes extended against appellant's lands for the years 1937 and 1938 totaled $1,420.80, and in rendering the decree against the lands for that amount the court found as follows: "That the amount at present due from the defendant, Richey, upon said lands be ascertained by applying the ordinary rules for partial payments, deducting from the amount of the benefits as of the date of payment, any sum that the defendant may have paid in excess of interest, and that when so computed, it is ascertained that there are uncollected benefits against the lands hereinbefore described belonging to the said T. R. Richey the sum of $8,073.60, which amounts to $8.41 per acre, assessed benefits remaining at the end of the year 1936."

It is not contended that there has been any discrimination against appellant Richey, as the taxes against all the lands in the district were computed and extended in

the same manner. Nor is it questioned that assessments of benefits may be made to bear interest. This question is concluded by the following cases: *Oliver* v. *Whittaker,* 122 Ark. 291, 183 S. W. 201; *Jones* v. *Fletcher,* 132 Ark. 328, 200 S. W. 1034; *Skillern* v. *White River Levee District,* 139 Ark. 4, 212 S. W. 90; *Pfeiffer* v. *Bertig,* 141 Ark. 531, 217 S. W. 791; *Summers* v. *Cole,* 144 Ark. 494, 223 S. W. 721; *Phillips* v. *Tyronza & St. Francis Road Imp. District,* 145 Ark. 487, 224 S. W. 981; *Chicago Mill & Lumber Co.* v. *Drainage District No. 17,* 172 Ark. 1059, 291 S. W. 810; *Benton* v. *Nowlin,* 187 Ark. 738, 62 S. W. 2d 16.

Appellant Richey's contentions appear to be: (1) That the directors of the district were without authority to order the collection of interest alone during the first five years taxes were collected. If this were true—and we do not so decide—that indulgence to the property owners would not discharge or satisfy the obligation to pay the principal debt of the district. (2) That the manner in which the taxes were extended resulted in the collection of excess interest, which excess should be applied in reduction of principal. In answer to this contention, it may be said that the decree of the court applying the law of this state with reference to partial payments does operate to credit any excess of interest to the reduction of the principal debt and proportionately to the betterments assessed against appellant's lands.

It is true, of course, as appellant insists, that all that any property owner in the district can be required to pay is the amount of his assessed benefits, the annual payments not to exceed 5 per cent. of the benefits in any one year, with interest at 6 per cent. upon the deferred installments, and that nothing the district may do can extend this legal maximum as fixed by the law under which the district was created and operated.

It is conceded that the finding of the court that the betterments assessed against appellant's lands remaining undischarged amounts to $8,073.60, after crediting payments according to the law directing the application of partial payments, is not exactly accurate. An accurate computation in the brief of the drainage district shows

6

the exact balance to be $8,101.01. But this difference is in appellant's favor.

It may be said that the drainage district has proceeded in an unusual manner, and one not to be approved, but we think nothing has been done which invalidates the assessment of benefits against appellant's lands.

The decree of the court imposes no illegal exaction upon appellant, and conforms to the equities of the case, and it is, therefore, affirmed.