FLAT BAYOU DRAINAGE DISTRICT OF JEFFERSON COUNTY *v.* ATKINSON.

4-9220                                                      232 S. W. 2d 76

Opinion delivered April 24, 1950.

*A. F. Triplett,* for appellant.

*R. A. Zebold,* for appellee.

GRIFFIN SMITH, Chief Justice.    S. L. Atkinson as a property-owner of Flat Bayou Drainage District sought to enjoin the Commissioners from petitioning County Court to levy additional taxes against predetermined betterments of $208,490.15 that were ascertained when the District was created under general laws in 1917.   It was alleged that a new bond issue of $91,000 for use in reconditioning, reconstructing, and repairing proposed by the District (a) could not be sustained from residual tax sources because levies made from time to time had, in the aggregate, exceeded the benefits by 25.8%, and (b) there was no intent to comply with the provisions of

Act 203 of 1927 by procuring landowner petitions. The District demurred to the complaint, resulting in a ruling by the Court that insofar as the suggested bond issue was concerned betterments had been exhausted, but that the nature of the improvement did not require petitions.

The Act of March 28, 1919, as amended by Act 285 of 1941, is relied on by the petitioning taxpayer. Ark. Stat's, § 21-541. The enactment of 1919 permitted property-owners to pay assessments in full within sixty days after passage of the Act. If this were not done the betterments would bear interest at six per cent, payable in installments as levied. The Act of 1941 substituted "the formation of the District" for "the passage of this Act", and added a proviso that it should not apply "to Districts heretofore organized in which interest on bonds or other borrowed money was calculated as a part of the cost of construction and included in the assessment of benefits".

It is quite clear that the Amending Act was intended to extend the sixty-day period from the time the District was formed by allowing payment without interest if the privilege should be exercised within sixty days from the [effective] date of the later Act; but as to Districts wherein interest on borrowed money "had been calculated as part of the construction and included in the assessment of benefits", Act 285 has no application. This exception was essential because as to Districts wherein interest on benefits had been included, such interest became a part of the assets pledged, hence a statute authorizing a remission would impair the obligation of contract.

It is necessary to examine successive transactions of the appealing District to determine whether interest on benefits was calculated or included when money was borrowed. It is not contended that property-owners took advantage of either Act by voluntarily paying the full assessment in advance without interest.

A County Court order of March 23, 1918, deals with a bond issue of $98,000. The judgment recites aggregate assessments of $208,490.15, "which bears interest at six percent per annum". Bonds drawing interest at 5½%

were payable $2,500 February 1, 1919, and then in varying amounts to and including 1939—a period of 21 years; but interest of $2,695 was payable in 1918. It was found that $187,266.75 would be required to discharge the principal and interest. The benefits were assessed at 4.3% to produce an annual yield of $8,965.07. The assessing order [subdivision B] mentions "a tax sufficient to produce the sum of $187,266.75, being the estimated cost of the improvement, including the interest on the bonds plus 10% for contingencies, and also a small additional sum annually for current expenses".

On May 7, 1921, there was an additional judgment authorizing a $30,000 bond issue "to hasten the work for which the District was organized". The order assessed [subdivision B] "a tax amounting to the sum of $140,800, with interest thereon at the rate of six percent per annum". This "tax" was divided into installments, payable 5.3% during 1922, 1923, and 1924, producing $11,049.97 annually; and for 1925 and succeeding years to and including 1939, 6% of the face of the assessed benefits, producing $12,509.40.

Slight percentage changes in tax levies were subsequently made, but these do not affect the issue because it is conceded that the total shows 125.8% of the benefits when interest is not considered. This would be $53,790.46 more than the primary sum of $208,480.15.

Atkinson argues that interest on the borrowed money was included in the first tax order because of the mention of improvement costs, including interest on the bonds. But the order must be read in the light of what it did, and what it was intended to do. The bonds drew interest at 5½%, or $5,390 for the first year. The first annual payment on principal was $2,500 in 1919. A half year's interest payment was made in 1918—$2,695. The total payment during 1919 was $7,890, so there was a treasury balance of $1,075.07 if we assume that the levy of 4.3% yielded the full return of $8,965.07. Interest at six percent on the assessed benefits would have amounted to $12,509.41. It will thus be seen that if interest at 6% on the assessments and a tax of 4.3 had been collected.

the return on a 100% collection basis would have been $21,474.48. No one contends that this was done.

Our conclusion is that interest on the benefits has not been collected, but that the various levies were paid without landowner protests that the $208,490.15 had been exceeded. Result is that the interest may still be computed and used for maintenance purposes. The formula for determining the present unused benefits is as set out in *Richey* v. *Long, Prairie Levee District,* 203 Ark. 1, 155 S. W. 2d 582. Whether the assessment of interest will produce sufficient revenue to finance the proposed bond issue after landowners have been credited with sums previously paid is a matter not addressed to us in this appeal.

The complaint alleges, and the demurrer admits, that the additional levy will be used to "reconstruct, recondition, and repair" the levee under authority of Ark. Stat's, § 21-533, etc. We agree that if the Commissioners were proposing to proceed under Act 203 of 1927, Ark. Stat's, § 21-518, petitions would be essential. But, while wording of the complaint is not taken *verbatim* from Act 279 of 1909, the plan appears to be more in keeping with its authority to keep the ditches "clear from obstructions, widening and deepening them". A very clear comparison of the two Acts with a discussion of their purposes is to be found in the opinion of Mr. Justice ROBINS, *Cox* v. *Drainage District No. 27 of Craighead County,* 208 Ark. 755, 187 S. W. 2d 887. See, also, *Owens et al.* v. *Central Clay Drainage District,* 216 Ark. 159, 224 S. W. 2d 529.

Reversed on the Drainage District's appeal; affirmed on Atkinson's appeal.

GEORGE ROSE SMITH, J., dissenting. Act 285 of 1941 provides that the assessment of benefits shall not bear interest in any case where interest on the bonds was calculated as part of the cost of construction "and included in the assessment of benefits." If taken literally this language would never apply to any district, since interest on the bonds is never "included" in the assessment of

benefits. That assessment is merely the estimated benefit that will be conferred upon the land as a result of the construction of the improvement, and in the computation of that benefit it is immaterial whether the improvement is to be constructed with borrowed money or with cash already on hand.

It is our duty, however, not to construe the statute in such a way that it wil be wholly ineffectual. I think the legislature must have meant that the assessment of benefits is not to bear interest in any district having total assessed benefits sufficiently large to equal or exceed the face amount of the bonds, interest thereon, and the usual margin for contingencies. That is the situation here, and therefore I think this district's assessed benefits should not bear interest, at least after the effective date of the 1941 Act. On the other hand, in districts where the original assessment of benefits was not large enough to "include" both the bonds and their interest, then interest on the assessed benefits would be available to pay the interest on the bonds. See *Oliver* v. *Whittaker,* 122 Ark. 291, 183 S. W. 201, for an instance of the latter situation.