GREER, TRUSTEE *v.* WINE, RECEIVER.

4-9565                                                        243 S. W. 2d 13

Opinion delivered October 22, 1951.

Rehearing denied November 26, 1951.

*A. F. Triplett* and *A. F. House,* for appellant.

*Atchley & Vance, Shaver, Stewart & Jones,* and *Frank S. Quinn,* for appellee.

GRIFFIN SMITH, Chief Justice. The appeal is a sequence to Case No. 4-9336, *Greer, Trustee,* v. *Blocker, Receiver,* 218 Ark. 259, 236 S. W. 2d 68.

On remand the Chancellor quite clearly entertained for the landowners the same sympathetic view that

prompted this court to leave undetermined by affirmative language certain phases of the litigation. It was felt that district assets of approximately 13,000 acres of foreclosed lands—as to which it was hinted there were substantial grazing and mineral values—might prove sufficient, if judiciously dealt with, to satisfy bondholders whose principal and interest were long overdue. This thought was reinforced by the admitted fact that a mathematical differential of 6.65% between assessed benefits and aggregate levies could be collected. Whether payments exhausted 93.35% of the benefits, or whether unclassified levies expressed in percentages became, as a matter of law, credits on interest,—that issue is now definitely before us. In oral argument appellees conceded that directions respecting the tax-acquired lands are secondary to the main issue.

A paragraph in the January opinion resulting in construction differences between the contending parties reads: "It is admitted by pleadings of the landowners, and clearly established by the evidence, that the total tax levied to date is an amount equal to 93.35% of the assessed benefits; so unquestionably there remains an amount equal to 6.65% of the assessed benefits, plus also interest in some amount on the assessed benefits."

It will be observed that the expression "an amount equal to" was twice used. But the contention is that we necessarily found that the payments were on benefit assessments and that all but 6.65% had been exhausted, "plus some interest."

The error of this reasoning is emphasized by *Watson* v. *Drainage District*, 218 Ark. 361, 236 S. W. 2d 423. The Watson case was under submission when *Greer* v. *Blocker* was decided and the two appeals were discussed in parity.[1]

In the Watson litigation the method of computation was made applicable to cases *where another procedure*

---

[1] See *Flat Bayou Drainage District* v. *Atkinson*, 217 Ark. 575, 232 S. W. 2d 76, for citation of the rule announced in *Richey* v. *Long Prairie Levee District*, 203 Ark. 1, 155 S. W. 2d 582. The dissent in the Flat Bayou District case did not go to the questions here involved.

*had not been adopted by the district.* Here there is nothing to indicate that the payments were percentages of the benefits to be so treated in derogation of the legally-approved formula, hence the collections fall into the interest classification as set out in the cited cases. This leaves the benefits intact.

In the decision of January 22d it was said that when a property-holder "makes the plea of limitation in a suit against him to collect such interest, there will be a justiciable issue before us on such plea of limitation [in respect of interest]." The holding here is not intended to affect this statement.

Reversed, with directions to enter a decree that payments aggregating 93.35% were interest, and that the benefits have not been reached.

Mr. Justice GEORGE ROSE SMITH did not participate in the consideration or determination of this case.

PAUL WARD, J., dissenting. The decree of the Chancery Court should be affirmed because it follows out, almost verbatim and most certainly literally, the explicit directions of this court in the last two sentences of the second to the last paragraph in the case of *Greer, Trustee* v. *Blocker, Receiver,* 218 Ark. 259, 236 S. W. 2d 68. By every known rule of judicial construction the cited case is the law in this case. To rule otherwise would in effect allow a rehearing of the cited case nine months after the time for a rehearing has elapsed.

If appellants' interpretation of the meaning of the first case is correct even then their contention could not be presented to this court until after the decree of the chancellor in this case had been fully executed.

Justice MILLWEE concurs in this dissent.