LEONARD v. THOMPSON.

5-1329                                              306 S. W. 2d 869

Opinion delivered October 28, 1957.

[Rehearing denied December 9, 1957.]

*Robert F. Stahala,* Ft. Worth, Tex.; *William H. Arnold III, William H. Arnold, Jr.,* for appellant; of counsel for appellant: *Jenkins Garrett,* Ft. Worth, Tex.; *Richard L. Arnold, Thomas S. Arnold* and *John O. Moore.*

*A. F. Triplett* and *Ned Stewart,* for appellee.

ED. F. McFADDIN, Associate Justice. This suit involves lands located in McKinney Bayou Drainage District[1] in Miller County; and, primarily, challenges the legal sufficiency of the published notice in the 1950 foreclosure suit of the District for the 1947 and 1948 delinquent assessments.

Appellee Vance M. Thompson was the plaintiff, and appellant O. F. Leonard, Trustee, was the defendant. Thompson claimed to be the owner of the lands, and prayed that certain deeds from the McKinney Bayou Drainage District (hereinafter called "Drainage District") to O. F. Leonard, Trustee (hereinafter called "Leonard") should be cancelled; and that Thompson should be allowed to pay any taxes and assessments found to be delinquent. Leonard claimed, *inter alia,*[2] that the Drainage District had validly foreclosed in 1950

---

[1] Other cases in this Court involving the McKinney Bayou Drainage District are: *Board of Comm. of McKinney Bayou Drainage Dist.* v. *Board of Directors of Garland Levee Dist.,* 181 Ark. 898, 28 S. W. 2d 721; *Greer, Trustee* v. *Blocker, Receiver,* 218 Ark. 249, 236 S. W. 2d 77 and 218 Ark. 259, 236 S. W. 2d 68; and *Greer, Trustee* v. *Wine, Receiver,* 219 Ark. 425, 243 S. W. 2d 13.

[2] Leonard had acquired deeds from the Garland Levee District which he claimed were sufficient in themselves to extinguish all of Thompson's title. Regarding the Garland Levee District deeds held by Leonard, Thompson claimed that these deeds were merely redemption deeds which would inure to Thompson's benefit when he redeemed from the Drainage District and thereby would extinguish Leonard's title. Because our decision is in favor of Leonard on other points, it is unnecessary to consider his claim on this point.

its delinquent assessments on the lands for the years 1947 and 1948 and had acquired a valid deed; that the deed from the Drainage District to Leonard was valid; that all title of Thompson had been extinguished; and that Thompson was barred by laches and estoppel.

The McKinney Bayou Drainage District was organized on May 4, 1923 under and pursuant to the general drainage law as now found in Sec. 21-501 *et seq.* Ark. Stats. It is clear from the evidence that prior to 1948 Thompson held deeds to the lands; that Thompson failed to pay the annual assessments due the Drainage District for the years 1947 and 1948; that the Drainage District conducted a foreclosure suit (case No. 299 in Miller Chancery Court) against the lands for the delinquent assessments of 1947 and 1948; that the notice of such suit was given by publication (and the notice will be discussed later); that a decree of foreclosure was rendered on September 27, 1950; that at the commissioner's sale on November 18, 1950 the lands were purchased by the Drainage District[3]; that the sale was confirmed on December 1, 1950; that the time for redemption expired on November 18, 1952[4]; and that by deed dated March 5, 1953 the Drainage District conveyed the lands to Leonard, who forthwith began improvements on some of the lands.

The basis of Thompson's attack on the title of Leonard involves the validity of the Drainage District foreclosure suit in 1950 for the delinquent assessments due for the years 1947 and 1948: if that suit was in every respect valid, then Thompson lost his title because of that foreclosure. So we examine the facts regarding that suit.

On July 14, 1950 the McKinney Bayou Drainage District filed suit No. 299 in the Miller Chancery Court seeking to foreclose the 1947 and 1948 delinquent assessments due the District on the lands here involved, and other

[3] The Drainage District has been in receivership for many years. Hon. C. C. Wine has been the Receiver since February 9, 1951 and executed the deeds to Leonard pursuant to directions of the Miller Chancery Court. Leonard paid the District a total of $160,358.11 cash for the lands here involved and other lands.

[4] The statute fixing the time for redemption is Sec. 21-547 Ark. Stats.

lands. Several thousand acres were delinquent. The notices published in the newspapers prior to the decree of foreclosure (as required by Sec. 21-546 Ark. Stats.) listed the "supposed owner" of these lands to be "Dorsey Land & Lumber Company." In the present suit Thompson claimed — and the evidence fairly establishes — that the attorney[5] conducting the foreclosure for the Drainage District had good reason to know that Vance M. Thompson was the "supposed owner" of the lands, since the title of the Dorsey Land & Lumber Company had been extinguished in a foreclosure several years prior, and the Drainage District had dealt with Thompson as the owner. Because the published notice in the foreclosure suit named the Dorsey Land & Lumber Company as the "supposed owner," Thompson claimed in the present suit that the entire foreclosure suit of the Drainage District was void and that Thompson still had the right to redeem for the delinquent assessments of 1947, 1948, and subsequent years.

The Chancery Court agreed with Thompson's contention and allowed him the right of redemption, the effect of which was to require Leonard to receive certain funds, and thereby have his title extinguished. The trial court found that the McKinney Bayou Drainage District, in failing to name Thompson as the "supposed owner" of the lands in the said foreclosure suit, had failed to comply with our holding in the case of *Simpson* v. *Reinman*, 146 Ark. 417, 227 S. W. 15; that the said 1950 foreclosure suit was void for lack of notice naming Thompson as the "supposed owner"; and that the Act No. 534 of 1921 did not change the rule of *Simpson* v. *Reinman*. Leonard has appealed.

I. *The Holding In Simpson* v. *Reinman*, 146 Ark. 417, 227 S. W. 15. In *Simpson* v. *Reinman* the delinquent assessments were foreclosed under a statute substantially identical with Sec. 21-546 Ark. Stats. (the one here claimed to be applicable in the 1950 foreclosure of

---

[5] The attorney who conducted the foreclosure was Hon. Frank S. Quinn of Texarkana, now deceased. He was an honorable lawyer and a splendid gentleman, and conducted the foreclosure suit in strict compliance with Act No. 534 of 1921, as hereinafter to be mentioned.

the Drainage District). In *Simpson* v. *Reinman,* in the petition for foreclosure and in the published notice of sale, the district named A. E. Adams as the "supposed owner" of the 90 acres involved, whereas it was shown that J. C. Budd was at that time actually the owner and in possession, and there was nothing to show that A. E. Adams ever owned the 90 acres or had any interest therein. This Court held that in that case the District had been guilty of "gross carelessness" in failing to name J. C. Budd as the owner of the 90 acres, since he was in actual possession through his tenant. This Court also held that the failure to list J. C. Budd as the "supposed owner" prevented the published notice from being in compliance with the statute. So this Court allowed the owner of the lands to redeem from the foreclosure of the delinquent assessments. In the case at bar, Thompson claims that the published notice of the suit was as fatally defective as in *Simpson* v. *Reinman*; and Thompson insists that under the rule in *Simpson* v. *Reinman,* Thompson be entitled to redeem in the present case.[6]

The case of *Simpson* v. *Reinman* was decided by a divided Court, and has subsequently been limited to its own facts; and the bench and bar have been put on notice that the holding in *Simpson* v. *Reinman* will not be extended to any case in which the material facts are different. In *Taylor* v. *Heinemann,* 199 Ark. 1101, 137 S. W. 2d 742, this Court, in a unanimous opinion, said:

"This statute is in all essential respects identical with the statute construed in *Simpson* v. *Reinman, supra.* That case was decided by a divided court, and without expressing any opinion as to the correctness of the reasoning of the majority, we decline to overrule it. However, we decline to extend the holding there announced, which we feel we would be compelled to do, in order to affirm the decree here in question . . . "In this case appellee testified he had no actual knowledge of the suit

---

[6] Although not mentioned in the briefs herein, we call attention to the President's address to the Arkansas Bar Association by Hon. J. L. (Bex) Shaver, and entitled: "A Commentary on State and Improvement District Tax Sales". See 8 Ark. Law Review, page 386.

to foreclose, but that he knew the land was in the district and that the taxes had not been paid. "We are, therefore, of the opinion that the statute above mentioned relating to the publication of the notice was substantially complied with and that *Simpson* v. *Reinman, supra,* is not controlling here. Appellee's loss is due to his own negligence, and he had no just complaint. His land was sold according to law."

If there had been no changes in the applicable statutes, and if the facts in the case at bar were "on all fours" with those in *Simpson* v. *Reinman,* then Thompson could successfully urge that case as a basis for his claimed right of redemption in this case. But: (a) there have been changes in the statutes; and (b) the facts here are different from those in *Simpson* v. *Reinman.*

II. *Statutory Changes.* There are two such changes: one in 1921 and the other in 1929. The case of *Simpson* v. *Reinman* was decided on December 13, 1920 and the petition for rehearing was denied on January 13, 1921. Within sixty days thereafter, the Legislature adopted Act No. 534 of 1921. (See Sec. 20-1126 *et seq.* Ark. Stats.) The 1921 Act was captioned: "An Act to Provide for the Filing of a Delinquent List of Lands . . . in Road and Drainage Districts, and for the Collection of Delinquent Taxes Thereon." Section 1 of the Act provides that if the Drainage District taxes be not paid by April 10th[7] each year, then the tax collector of the county shall ". . . make out and file with the clerk of the chancery court of the county a list of said real property so delinquent, which list shall include *the name of the supposed owner as the same appears on the tax books,* a description of the property and the amount of the tax due thereon . . ." (Italics our own.)

Section 2 of the 1921 Act provides that the said list shall be filed with the clerk of the chancery court, who shall record the said list in a well-bound book kept by him for that purpose, and the clerk shall certify that the same is a true copy of the list filed by the collector.

[7] The date has been changed to October 1st. See Sec. 20-1124 Ark. Stats.

Section 4 of the 1921 act provides that when the district files suit to foreclose for the delinquent assessments it shall obtain ". . . a certified copy of said list from the said clerk which shall be filed with the complaint and taken as a part thereof . . ."

It will be noticed that this 1921 Act provides that the list shall ". . . include the name of the supposed owner as the same appears on the tax books . . ."; and we will subsequently refer to the fact that Thompson's own failure to comply with the 1929 Act caused his name not to be listed as the supposed owner. In Sec. 7 of Act No. 172 of 1929 (see Sec. 84-414 Ark. Stats.) the Legislature prescribed:

"All persons owning real or personal property, or both, shall at said time and place aforesaid deliver to the assessor, either in person or by agent, a verified list of his real and personal property; . . ."

III. *Factual D i f f e r e n c e s Between Simpson v. Reinman And The Case At Bar.* It is clearly established by the evidence that the lands here involved had been owned by Dorsey Land & Lumber Company when the McKinney Bayou Drainage District was organized; that Dorsey Land & Lumber Company lost its title by foreclosure; that the lands were subsequently acquired by the McKinney Bayou Drainage District by foreclosure proceedings for delinquent assessments due the District in the years 1933 to 1944; that Thompson received deeds to the lands from the McKinney Bayou Drainage District in 1945 and 1946; that in May 1948 Thompson paid the delinquent assessments due for 1945 and 1946; and that Thompson never complied with the provision just quoted from the Act No. 172 of 1929: that is to say, Thompson never assessed these lands in his name so as to have his name appear as owner on the tax books in the place of the Dorsey Land & Lumber Company, which had been the owner when the district was organized.

It is also clear that in 1947 and 1948 the Dorsey Land & Lumber Company was listed on the tax books as the owner; that the tax collector certified the delinquent

list to the chancery clerk in keeping with Section 1 of the Act 534 of 1921; that the chancery clerk duly recorded the list; as provided by Section 2 of the said Act; and that the Drainage District, in conducting the 1950 foreclosure proceedings for the 1947 and 1948 assessments against the lands here involved, attached to the complaint the certified copy of the list, just as required by Section 4 of the Act No. 534 of 1921. Thus it is clear that the attorney conducting the 1950 foreclosure suit for the Drainage District was of the opinion that he should follow the Act No. 534 of 1921, (providing that the list should include ". . . the name of the supposed owner as the same appears on the tax books") rather than to proceed on his own independent investigation as to the "supposed owner" as was required in the old law (Sec. 21-546 Ark. Stats.) as construed in *Simpson* v. *Reinman.*

Thompson points out that in the case of *Beasley* v. *Hornor,* 173 Ark. 295, 292 S. W. 130, we held that the Act No. 534 of 1921 did not repeal the original 1909 Act (Sec. 21-546 Ark. Stats.) We did so hold: but we did not say that compliance with Act No. 534 of 1921 failed to be sufficient compliance with the law. Thompson claimed to be the owner of the lands prior to 1947; and so he should have complied with the law (Sec. 84-414 Ark. Stats.) which required him to have the lands assessed in his name. He did not comply with that law: he left the lands assessed in the name of the Dorsey Land & Lumber Company. Now he comes into court and seeks to void an improvement district foreclosure sale because he was not named in the published notice as the owner of the land, when it was his own failure to comply with the statute on the assessing of property (Act No. 172 of 1929 as found in Sec. 84-414 Ark. Stats.) that prevented him from being listed as the owner. In short, he asks a court of equity to grant him relief when he failed to obey the law that brought about the situation from which he seeks relief.

The Legislative enactments of 1921 and 1929, herein discussed, distinguish the case at bar from *Simpson* v. *Reinman,* because in that case there was nothing to show

that A. E. Adams had ever been the owner or that J. C. Budd had ever failed to comply with any assessing law; and there was at the time of *Simpson* v. *Reinman* no existing statute stating that the list would contain ". . . the name of the supposed owner as the same appears on the tax books."

There is another fact in the case at bar that distinguishes it from *Simpson* v. *Reinman*; and it is disclosed by our opinion in *Greer* v. *Blocker,* 218 Ark. 259, 236 S. W. 2d 68. Vance M. Thompson was one of the plaintiffs in that case in the lower court, and was one of the appellants in that case in this Court; and in our opinion in that case (decided by this Court on January 22, 1951) it was stated as regards the delinquent assessments for 1947 and 1948 (the same delinquent assessments here involved): "In the oral argument before this Court it was stated by all parties that these delinquencies had now been foreclosed." Thus, in a case in which Thompson was a party, it was conceded in January, 1951 that the 1947 and 1948 delinquent assessments on all the lands in the district *had been foreclosed.* Thompson, as a party to that suit, still had time to effect a redemption because — as previously recited — the time for redemption did not expire until November 18, 1952 and the District did not convey to Leonard until March 5, 1953.

In *Simpson* v. *Reinman,* Mr. Justice HART said as regards the reason for listing the supposed owner:

"The object of constructive notice is to put the owner in possession of such facts as will lead to actual notice and t h e r e b y enable him to make his defense . . .

"As we pointed out, there is a good **reason for** requiring the supposed owner to be named in the notice. If the former be named in the notice, there will be more likelihood of actual notice being received by the owner. The notice will inform him of what is alleged against him in the complaint."

We are not holding — independent of all other matters — that notice to Thompson's attorneys in the case of

*Greer* v. *Blocker* was notice to Thompson in the case at bar; but we are stating that the opinion in *Greer* v. *Blocker,* in which Thompson was a party, recited the fact of the foreclosure sale; and such recital was sufficient, along with all the other facts and circumstances in this case, to clearly distinguish the case at bar from *Simpson* v. *Reinman.* There is also the matter of actual possession, emphasized in *Simpson* v. *Reinman* and not found in the case at bar, but it would unduly extend this opinion to go into that phase of the case.

IV. *Conclusion.* We hold that the rule of *Simpson* v. *Reinman* is not applicable to the case at bar; and that Thompson is not entitled to effect a redemption as against the deed held by Leonard. There are other points argued in the excellent briefs in this case: such as Thompson's laches and estoppel, and also the validity and sufficiency of Leonard's deed from the Garland Levee District; but holding — as we do — that *Simpson* v. *Reinman* affords Thompson no relief, it becomes unnecessary to discuss the other points.

The decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.