Tom SADLER, Guy Clemons and Imogene Clemons *v.* Shirley HILL

5-4300                                      419 S. W. 2d 298

Opinion delivered October 16, 1967
[Rehearing denied November 6, 1967.]

*Arnold, Hamilton & Streetman,* for appellant.

*Drew & Holloway,* for appellee.

CONLEY BYRD, Justice. This appeal challenges the validity of the published notice of foreclosure proceeding by the Eudora Western Drainage District. The trial court found that the foreclosure proceeding was valid and that the drainage district's deed vested title in appellee Shirley Hill. Appellants Guy Clemons et ux, record title holders to the 40 acres of land involved, and appellant Tom Sadler, the tenant holding under Clemons, appeal, and for reversal rely on the following points:

I. That the trial court was in error in holding that the notice of foreclosure by Eudora Western Drainage District was legally sufficient to vest the court with valid foreclosure and sale jurisdiction as to property of appellant.

II. That the trial court was in error in holding that the foreclosure sale by Eudora Western Drainage District was a valid sale in view of noncompliance with provisions of Ark. Stat. § 21-548.

The facts show that in 1945-46 one P. H. Williams began paying taxes on the property in the name of "W. T. Williams," that he continued to do so through the tax year 1959, and that having acquired title to the 40 acres by adverse possession he sold them in February, 1961, to Guy Clemons and Imogene Clemons, his wife, for $3,000. Guy Clemons et ux, through Tom Sadler, im-

mediately took possession of the premises and remained in possession through the trial of this lawsuit. Clemons, upon acquisition of his deed, promptly recorded it, but neglected to assess his property with the tax assessor, as required by Ark. Stat. Ann. § 84-414 (Supp. 1965). He also neglected to pay the taxes for the tax year 1960, which were due and payable on and after the third Monday in February, 1961. For the tax years 1961, 1962 and 1963 the lands were assessed in the name of Clemons; however, the taxes were not paid and were returned delinquent.

The lands are also in the Southeast Arkansas Levee District, and the taxes due that district on and after the third Monday in February, 1961, for the tax year 1960, were returned delinquent. At the delinquent land sale in November, 1961, the 40 acres was sold to the Southeast Arkansas Levee District for the general taxes and levee taxes due thereon. However, no confirmation was had as required by § 9 of Act 83 of 1917, the act creating the Southeast Arkansas Levee District. The chancellor found that the sale did not vest title in the Levee District because the redemption period had not expired.

With respect to the Eudora Western Drainage District, the record shows that foreclosure proceeding was instituted in April, 1962, for the delinquent 1960 taxes. Throughout the proceeding the supposed owner of the lands was listed as "W. T. Williams." The District made no inquiry as to record ownership or possession. The only notice to appellants of any of the proceedings was by publication, listing the supposed owner as "W. T. Williams." No notice of the proceeding was given the Levee District, and the Notice of sale and the sale in no manner recognized the interest of the Levee District. The court confirmed the foreclosure sale to the Drainage District in June, 1962, and a deed was issued to the Drainage District in June, 1964. In October, 1964, the Drainage District conveyed the land to Hill for $100.

Hill then, on October 24, 1964, acquired a conveyance from the Southeast Arkansas Levee District, conveying "all rights, title and interest of said Levee District acquired by it pursuant to its purchase at county collector's sale for taxes due year 1960, payable in 1961."

The lands had increased in value from the $75 per acre paid by Clemons in 1961 to $150 per acre at the time Hill acquired his deed in 1964.

I

Appellant says that the question to be determined on this appeal is whether the publication of the notice during the foreclosure proceeding in the name of "W. T. Williams" as the supposed owner was constitutionally sufficient to give appellants notice of the proceeding. In alleging insufficiency of notice, appellants rely on *Simpson* v. *Reinman*, 146 Ark. 417, 227 S. W. 15 (1920).

We find appellants' contention on this point to be without merit. This matter was held contrary to appellants' contention in *Leonard* v. *Thompson*, 228 Ark. 136, 306 S. W. 2d 869 (1957). Therefore we hold that the notice of the foreclosure proceeding published in the name of "W. T. Williams" as the supposed owner was a sufficient compliance with the law, Ark. Stat. Ann. § 20-1124-26 (Repl. 1956).

II

Nor do we find merit in appellants' contention that the sale to the Drainage District was invalid because of its noncompliance with Ark. Stat. Ann. § 21-548 (Repl. 1956). The record fails to show any capacity on appellants' part which would give them any right to challenge the sale to the Drainage District under § 21-548. Furthermore, the record clearly shows that the sale to the District was had in June, 1962 and that the present suit was not instituted until October, 1965. In that event any

right of action on the part of anyone to set aside the sale to the District is clearly barred by § 21-548, which provides:

"... If the board of commissioners or directors of any drainage district having a lien on the lands or the trustee of any bondholders having such lien is not notified of the application for such sale, they may on motion at any time within three [3] years have the sale set aside and the lands resold."

Affirmed.