FLOYD ISAACK *v.* CAIN DAVIS AND CARRIE MAE
DAVIS, HIS WIFE

5-6206                                    491 S.W. 2d 784

Opinion delivered March 19, 1973
[Rehearing denied April 16, 1973.]

*Smith, Stroud, McClerkin & Conway,* for appellant.

*Tackett, Moore, Dowd & Harrelson,* for appellees.

CONLEY BYRD, Justice. This appeal involves the va-
lidity of a foreclosure proceeding by The Miller County
Improvement and Drainage District. The land involved is
22.5 acres lying north of Dooley Ferry Road in the E½ SE¼
of Sec. 1, T 15 S, R 27 W. Appellees Cain and Carrie Mae
Davis have been the record owners since 1948, and the land
has always been assessed and the ad valorem taxes paid in
their names. The improvement district was formed in
1956. Appellant Floyd Isaack had bought the land at
Sheriff's sales for delinquent ad valorem taxes but the
appellees, nonresidents, always redeemed them. When the
Improvement District's assessment books were prepared,
the supposed owner of the 22.5 acre tract was shown to
be "Smith." Admittedly, nobody by the name of Smith
has ever owned the lands involved. The constructive
notice by newspaper publication in the foreclosure suit
was as follows:

| NAME | DESCRIPTION OF LAND | TAXES AND PENALTY | | | COSTS |
|---|---|---|---|---|---|
| | Miller, County, Ark. | 1963 Tax | 1964 Tax | 1965 Tax | $ |
| Smith | W½ E½ SE¼ North of Road, Sec. | Pen. | Pen. | Pen. | |
| | 1, T 15 S, R 27 W | 3.50 .88 | 3.50 .88 | | .20 |

On December 22, 1966, pursuant to a foreclosure decree upon the above constructive service of process, the lands were sold to appellant for Ten Dollars. After the time for redemption ran out, a deed was issued to appellant.

At the trial it appeared that appellant had paid the improvement district assessments for 1962, and probably 1963. Appellees testified that they did not know that their lands were in the improvement district.

For reversal of the trial court's decree holding the constructive service invalid, appellant relies upon Ark. Stat. Ann. § 21-546, § 21-547 (Repl. 1968), and our holding in *Leonard* v. *Thompson,* 228 Ark. 136, 306 S.W. 2d 869 (1957).

Section 21-546 provides for a foreclosure of delinquent improvement district assessments in chancery court and provides that: "Said proceedings and judgment shall be in the nature of proceedings in rem, and it shall be immaterial that the ownership of the said lands be incorrectly alleged in said proceedings, and such judgment shall be enforced wholly against such lands. . . . " However a subsequent provision specifically provides that the newspaper publication shall contain a list of supposed owners together with a descriptive list of the delinquent lands.

Section 21-547 provides that neither attorneys' ad litem nor guardian ad litems shall be required and ". . . provided, that no informality or irregularity in holding any of the meetings provided for herein, or valuation, or assessment of the lands, or in the name of the owners, or the number of acres therein, shall be a valid defense to such action. . . "

Arkansas Statutes § 20-1124 (Repl. 1968), requires the collector to make out a list of delinquent improvement district assessments on or before October 15th of each year, ". . . which list shall include the name of the supposed owner as the same appears on the tax books, a description of the property and the amount of the tax due thereon. . . ." Ark. Stat. Ann. § 20-1128 (Repl. 1968), provides that a certified copy of such list shall be filed with the complaint when the improvement district files its action to foreclose the delinquent assessments.

Based upon the foregoing statutes in *Leonard* v. *Thompson, supra,* we upheld the validity of an improvement district sale in the name of the supposed owner as shown by the ad valorem tax books because Thompson had failed to record his deed and assess his taxes as required by Ark. Stat. Ann. § 84-414. Had he so assessed his lands, he would have been shown on the assessment books as the supposed owner. We followed the same rule in *Sadler* v. *Hill,* 243 Ark. 247, 419 S.W. 2d 298 (1967).

The appellees on the other hand seek to uphold the trial court's decree on the authority of *Simpson* v. *Reinman,* 146 Ark. 417, 227 S.W. 15 (1920). In that case we held, under the statute there involved, that a constructive notice in the name of the supposed owner was insufficient when the actual owner was in possession and could easily have been identified. We need not go so far in this instance. As we understand the theory of constructive service by publication, its aim is to give the true owner possession of such facts as will lead to actual notice. To better effectuate that purpose Ark. Stat. Ann. § 21-546 (Repl. 1968), properly requires that such notice list the "supposed owner" of the lands. When the true owner properly complies with the tax laws (Ark. Stat. Ann. § 84-414) his name is placed on the ad valorem tax books as the "supposed owner" and in preparing the delinquent assessments the collector has the information to prepare the delinquent list that is to be attached to the foreclosure complaint.

Other courts in considering the validity of constructive service where the name of the "supposed owner" is involved have upheld the validity thereof where the name of the "supposed owner" when coupled with the descrip-

tion of the real estate is not misleading. See *Grannis* v. *Ordean*, 234 U.S. 385, 34 S. Ct. 779, 58 L. ed. 1363 (1914). In doing so however, it points out that the general rule in cases of constructive service of process by publication tends to strictness in interpretation of the statutes to assure notice.

When we consider that no person by the name of Smith ever owned the lands of appellees; that appellees only owned a part of E½ of SE¼; and that they had a neighboring owner by the name of Smith, we cannot say that the publication in question was not misleading. Consequently, we agree with the trial court that the foreclosure decree was void for lack of notice. To interpret Ark. Stat. Ann. § 21-546 (Repl. 1968) as making the name of the supposed owner wholly immaterial, when the same section requires the name of the supposed owner to be shown, could raise serious questions as to constitutional due process. It's an axiom of statutory construction that in the construction of laws that construction will be adopted which makes the law valid. Furthermore, it takes but little effort to determine the supposed owner of the property as shown by the ad valorem tax records.

Affirmed.

GEORGE ROSE SMITH, FOGLEMAN, and JONES, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. This case is another demonstration of the adage that hard cases make shipwreck of the symmetry of the law. Perhaps I would not be concerned about the result in this case, if I did not feel that it has virtually returned us to the court's position in *Simpson* v. *Reinman*, 146 Ark. 417, 227 S.W. 15,[1] and ignored the later severe limitations on the effect of that case, which have stopped just short of an outright overruling. I am aware that the majority professes not to go so far as *Simpson* v. *Reinman*. My reading and re-reading of the majority opinion and the opinion in that case have not enabled me to find where the majority stopped short of the earlier holding.

___

[1] On motion for rehearing this was a 3-2 decision.

It should be noted that in *Simpson* v. *Reinman,* the true owner was in actual possession of the land. Here, the chancellor found that the land was unoccupied, and the evidence to support that finding is really uncontradicted. In the opinion on motion for rehearing, the principal basis for the majority's distinguishing *Ballard* v. *Hunter,* 74 Ark. 174, 85 S.W. 252, aff'd 204 U.S. 241, 27 S. Ct. 261, 51 L. Ed. 461 (1905), *Pattison* v. *Smith,* 94 Ark. 588, 127 S. W. 983, and *Crittenden Lumber Company* v. *McDougal,* 101 Ark. 390, 142 S.W. 836, was the fact that the lands involved in all those cases were unoccupied. The very distinction there made would avoid the application of *Simpson* v. *Reinman* and prevent the result reached here.

We declined to overrule *Simpson* v. *Reinman* or to express any opinion as to the correctness of that decision in *Taylor* v. *Heinemann,* 199 Ark. 1101, 137 S.W. 2d 742, but pointed out that it was decided by a divided court and took great pains to distinguish the earlier case. At the same time we said that we would not extend that holding, as we would have to do to affirm the decree there in question. We again refused to extend the effect of *Simpson* v. *Reinman* in *Pinkert* v. *Lamb,* 215 Ark. 879, 224 S.W. 2d 15, and again went to great lengths to distinguish the cases. In *Pinkert,* the actual owner of the property involved was Ella Stith, widow of James H. Stith. The notice published showed the supposed owner as James H. Smith and wife Ella. We relied, in part, upon our decision in *Ballard* v. *Hunter,* supra, and its affirmance by the United States Supreme Court in *Ballard* v. *Hunter,* supra, where that court was unable to find any want of due process in the provision that the proceedings and judgment should be in the nature of proceedings in rem and that it should be immaterial that the ownership of the lands might be incorrectly alleged therein. We said that an extension of *Simpson* v. *Reinman* to the facts of the case would render the statutory provision relating to the effect of an incorrect statement of the name of the supposed owner absolutely meaningless.

In *Leonard* v. *Thompson,* 228 Ark. 136, 306 S.W. 2d 869, the court pointed out that the bench and bar had been put on notice that *Simpson* v. *Reinman* would not be extended. It is clear that in both *Taylor* and *Leonard*

this court has had reservations about the correctness of the holding in *Simpson* v. *Reinman*. In *Leonard*, we avoided a direct overruling of *Simpson* v. *Reinman* by pointing out two specific, subsequent statutory changes. The first came within 60 days. It required the collector to list the name of the. supposed owner as the same appeared on the tax books in making his delinquent list. See Act 534 of 1921 [Ark. Stat. Ann. § 20-1124, et seq. (Repl. 1968)]. Section 7 of Act 172 of 1929 [see Ark. Stat. Ann. § 84-414 (Supp. 1971)] required that every owner of real property deliver to the assessor a list of his real property. There we said that Thompson claimed to be the owner of the lands since 1947 and could not void the improvement district foreclosure sale on the ground that he was not named in the published notice as owner of the land, because his own failure to comply with Act 172 of 1929 brought about the situation of which he complained. Again we pointed out the significance of the fact that there was actual possession of the land by the true owner in *Simpson* v. *Reinman*.

As late as *Sadler* v. *Hill*, 243 Ark. 247, 419 S.W. 2d 298, we recognized the limitation of the effect of *Simpson* v. *Reinman* by the 1921 act and rejected the nebulous constitutional argument which appears in the majority opinion as a wraith-like shadow.

In this case appellees have been the owners of the property since May 11, 1948. This was the only property they had in Arkansas. They gave the taxing authorities no address. All their acts of ownership disclosed by the testimony postdate the delinquent tax sale.

I find nothing in *Grannis* v. *Ordean*, 234 U.S. 385, 34 S. Ct. 779, 58 L. Ed. 1363 (1914) which is applicable here. I do not understand it to relate to a "supposed owner" statute or to a proceeding in the nature of a proceeding in rem in which the pertinent statute expressly states that an error in the name of the supposed owner is immaterial. It seems to me that *Ballard* was such a case and would govern here.

I respectfully submit that the majority has not stopped short of the holding in *Simpson* v. *Reinman*, but

has actually extended it to apply to unoccupied lands, in spite of that case's own limitation, after 33 years during which the court has put the bench and bar on notice that this dubious authority would not be extended. I would reverse the decree.

I am authorized to state that Justice George Rose Smith and Mr. Justice Jones join in this dissent.